

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

CAROLINE MCGUIRE
*Assistant Corporation Counsel*
Phone: (212) 356-5052
Fax: (212) 356-3509
cmcguire@law.nyc.gov

September 21, 2023

**BY ECF**
Hon. Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

ENDORSEMENT
The deposition at issue is adjourned without date pending the plaintiff's response and the Court's ruling on the dispute. So Ordered.
Naomi Reice Buchwald, USDJ
9/26/23

Re:  Derrick Ingram v. City of New York, et al., 21-CV-9050 (NRB)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the above-referenced matter. Defendants write to respectfully ask that the Court grant defendants' request for a protective order, in light of plaintiff's amended 30(b)(6) notice. Pursuant to Local Rule 37.3(a), the parties met and conferred on August 28, and on September 15, 2023. The parties also exchanged correspondence on this topic on August 15, August 25, August 31, September 5, and on September 6, 2023. Notwithstanding, the parties have been unable to reach an agreement. Discovery currently closes on September 29, 2023. See Docket Entry dated July 19, 2023.

By way of background, plaintiff alleges Detective Martins (née LaFurno) fabricated an allegation that he [plaintiff] yelled into her [Det. Martins'] ear with a megaphone at a protest in Times Square on June 14, 2020. See Docket Entry No. 1 at ¶¶ 148 – 160. Subsequently, plaintiff claims that on August 7, 2020, other defendants used excessive force, by deploying too many personnel and resources, when they attempted to apprehend him at his residence on August 7, 2020. Id. at ¶¶ 43 – 84. On August 8, 2020, plaintiff surrendered to the Midtown North Precinct. Id. at ¶ 103.

Plaintiff does not lodge an independent municipal liability claim, or any other similar claim against the City of New York; instead, the City is a defendant pursuant to the doctrine of *respondeat superior*. Id. at ¶¶ 159, 165, 171, 176.

On July 24, 2023, plaintiff served defendants with a 30(b)(6) Deposition Notice. See Exhibit A, Plaintiff's July 24, 2023 30(b)(6) Deposition Notice. On August 15, 2023, defendants requested that plaintiff withdraw this notice, on the basis that the discovery sought was duplicative of discovery already produced, and that the noticed topics lacked particularity; defendants also contend that "the City" is an improper deponent, because it is only a party to this case pursuant to *respondeat superior*. See Exhibit B, Defendants' August 15, 2023 Letter re 30(b)(6) Witness. Plaintiff responded to this letter, stating, *inter alia*, that NYPD policies are probative of the defendants' motivations and "improper purpose," that nothing within Rule 30(b)(6) precludes an entity from testifying about underlying facts, and that such a witness is necessary to testify about factual topics that the defendants were unable to.[1] See Exhibit C, Defendants' August 25, 2023 Letter re 30(b)(6) Witness. On August 28, 2023, the parties met and conferred on this topic, and on August 31, 2023, plaintiff relayed a narrowed 30(b)(6) Deposition Notice to defendants. See Exhibit D, Plaintiff's August 31, 2023 Amended 30(b)(6) Deposition Notice. Plaintiff's updated notice still calls for fact testimony from the City, and for testimonial evidence that is duplicative of discovery already produced. Accordingly, the City respectfully requests that the Court grant defendants a protective order. As noticed, plaintiff's 30(b)(6) Notice would require at least ten witnesses.

Rule 26(c)(1)(C) allows the Court, for good cause, to "issue an order to protect a party or person from …undue burden or expense, including one or more of the following:… prescribing a discovery method other than the one selected by the party seeking discovery…." FED. R. CIV. P. 26(c)(1)(C). "Good cause for the issuance of a protective order is established when [the party seeking the protective order] is able to show that a clearly defined, specific and serious injury will occur in the absence of such an order." Bailey v. City of New York, No. 14 CV-2091 (JBW) (VMS), 2015 U.S. Dist. LEXIS 97871, at *23 (E.D.N.Y. Jul. 29, 2015). Further, "the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought." Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 9 (S.D.N.Y. 2015). Finally, "[t]he district court has 'broad discretion…to decide when a protective order is appropriate and what degree of protection is required.'" Barbini v. First Niagara Bank, N.A., 331 F.R.D. 454, 459 (S.D.N.Y. 2019).

A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the limitations under Rule 26 of the Federal Rules of Civil Procedure. Dealer Computer Servs. v. Curry, No. 12-CV-3457 (JMF) (JLC), 2013 U.S. Dist. LEXIS 18315, at *3-4 (S.D.N.Y. Feb. 7, 2013). The topics described in a 30(b)(6) deposition notice "should be substantively and temporally relevant to the claims or defenses." Winfield v. City of New York, 15-CV-05236 (LTS) (KHP), 2018 U.S. Dist. LEXIS 22996, at *14 (S.D.N.Y. Feb. 12, 2018). Likewise, Rule

---

[1] Plaintiff noticed all defendants and non-party witnesses as fact witnesses pursuant to Federal Rules of Civil Procedure 26, 30, and 37. The fact that some of these witnesses lacked personal knowledge and/or an independent recollection as to some of plaintiff's inquiries is not a proper basis to notice 30(b)(6) witnesses. See Bigsby v. Barclays Capital Real Estate, Inc., 329 F.R.D. 78, 81 (S.D.N.Y. 2019) ("If the entity receiving the deposition notice does not possess knowledge of the matters listed in the deposition notice, 'then its obligations under Rule 30(b)(6) obviously cease, since the rule requires testimony only as to 'matters known or reasonably available to the organization.'") (citation omitted).

26(b)(1) provides, in part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Indeed, plaintiff's own pleadings dictate how relevant or irrelevant certain discovery is. See Diaz v. New York Paving, Inc., No. 18-CV-4910 (ALC) (GWG), 2021 U.S. Dist. LEXIS 151047 at *24 (S.D.N.Y. Aug. 11, 2021).

The procedural posture of this case precludes the type of 30(b)(6) testimony plaintiff is seeking. First, Plaintiff's amended notice seeks deposition testimony from the City about the underlying facts of the case. See Exhibit D at ¶¶ 1, 3, 5 – 7; (e.g. "Any and all internal NYPD investigations into the incident…"). However, plaintiff fails to lodge any independent claim against the City. See generally Docket Entry No. 1. Instead, plaintiff ropes the City into this case on the basis of *respondeat superior*. Id. at ¶¶ 159, 165, 171, 176. As the City is not an independent actor in this case, it lacks an independent take on the "facts." And indeed, "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." Estate of M.D. v. New York, 241 F. Supp. 3d 413, 430 (S.D.N.Y. 2017) (collecting cases) ("In other words, a municipality may not be held liable under § 1983 'by application of the doctrine of respondeat superior.'"). For this reason alone, the City is not an appropriate deponent. See e.g. FTC v. Am. Future Sys., No. 2:20-CV-02266, 2022 U.S. Dist. LEXIS 81708, at **29-30 (E.D. Pa. Apr. 8, 2022) ("Rule 30(b)(6) was intended to be a discovery tool that enabled parties to obtain accurate information about information concerning known to the company, not individual officers and employees who may be subpoenaed in their personal capacity.").

Moreover, some of the factual deposition topics noticed do not move the needle as to any claim or defense. See Exhibit D at ¶¶ 3, 7. For example, although plaintiff alleges facial recognition technology was used, he is not claiming relief on this basis. See Docket Entry No. 1 at ¶ 85. Plaintiff testified at his deposition that he has no documentary evidence facial recognition technology was used, and the evidence unearthed thus far militates a contrary conclusion.[2] Additionally, some of these topics are duplicative of paper discovery already exchanged. See Exhibit D at ¶¶ 1, 5. For instance, the information requested in subsections 1 and 5 have already been provided to plaintiff in the 890 page CCRB report, produced to plaintiff on August 19, 2022, and on March 23, 2023, bearing Bates Stamp Nos. DEF 865 through DEF 1706. The August 19 production included twenty recordings ranging from Bates Stamp Nos. DEF 1758 – Def 1778.[3]

Second, plaintiff's amended notice, that demands testimony about "policies and practices of the NYPD" are not appropriate 30(b)(6) topics in this matter. See Exhibit D at ¶¶ 2, 8. While some of the policies and practices may be relevant to inform an individual's decision-making on August 7, this requested discovery is duplicative of the patrol guide sections already exchanged on June 12, 2023 (DEF 2486 – DEF 2489), on August 18, 2023 (DEF 2490 – DEF 2494), and on

---

[2] As to topic 7, all defendants testified that it was not their decision to disperse members of service from plaintiff's home. A news article proffered by plaintiff, stated that Commissioner Shea was responsible for calling off the operation. Plaintiff produced this article from Vice, bearing Bates Stamp Nos. PL 272 – PL 275. Notwithstanding, this decision-making process does not go towards any operative claim or defense in this matter.

[3] The deliberative process privilege may be implicated in CCRB's investigative process. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege).

3

September 11, 2023 (DEF 2495 – DEF 2529). Plaintiff has not articulated why a witness is necessary to expound on the City's written policies, as it is irrelevant. Plaintiff has never alleged a municipal liability claim or any similar allegation against the City. Plaintiff had the opportunity to inquire about the individual defendants' understanding of the policies during their depositions, which would have been "probative" – as plaintiff contended – of the defendants' "motivations and improper purpose." See Exhibit C, at 2.

Accordingly, defendants respectfully request that the Court grant a protective order. At least ten witnesses will be needed to satisfy plaintiff's notice as written; the requested testimony is either inappropriately posed to the City as a deponent, duplicative of discovery already produced, irrelevant to plaintiff's claims, or all of the above. Plaintiff already noticed 9 fact witnesses, and to date, the parties have completed 8 of these depositions. To require the City to prepare and facilitate an additional 10 witnesses (at least) is not proportional to the needs of the case.

Respectfully submitted,

/s/
Caroline McGuire
*Assistant Corporation Counsel*

**BY ECF**
*All Counsel*