```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DERRICK INGRAM,

                        Plaintiff,
                                                MEMORANDUM AND
         - against -                                 ORDER

THE CITY OF NEW YORK, DESIRAE LAFURNO,          21 Civ. 9050 (NRB)
ROBERT TOWNSEND, PETER ELLISON,
GUSTAVO PAUL, ANDREW SMITH,
MICHAEL CAFERO, and MICHAEL KLETZEL,

                        Defendants.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On February 9, 2024, the parties filed a joint status report raising two categories of discovery disputes. See ECF No. 84. Specifically, plaintiff Derrick Ingram contends that defendants have failed to sufficiently respond to: (1) interrogatories concerning the identities of the New York Police Department ("NYPD") members who ordered the deployment of resources to plaintiff's home on August 7, 2020; and (2) document requests regarding the function, policies, and procedures of the NYPD resources deployed, or believed to have been deployed, that day. Id. at 1-4.

Turning to the first issue, plaintiff has served the following two interrogatories on defendants:

> **Interrogatory #12**: Identify any individual(s), including but not limited to members of the NYPD and officials of other

>    government agencies, who made the decision to deploy NYPD members of the service and NYPD resources, including without limitation tactical gear teams, drones, helicopters, police dogs, and/or snipers, to Plaintiff's Home and/or the Areas Surrounding Plaintiff's Home on August 7, 2020.
>
>    **Interrogatory #14**: Identify the individual(s), including but not limited to members of the NYPD and officials of other government agencies, who communicated and/or created any instructions, directives and/or training received by members of the NYPD in anticipation of, or during, the deployment of NYPD officers and resources to Plaintiff's Home and the Areas Surrounding Plaintiff's Home on August 7, 2020 regarding the purpose and scope of the NYPD's presence there.

Id. at 4-5.

As background, the Court held a conference on November 16, 2023 to discuss numerous discovery motions. See ECF Nos. 52-54, 56-58. In the Court's view, the Court already resolved the issue raised concerning interrogatory 12 in plaintiff's favor during this conference. See ECF No. 79 at 13:21-14:10. However, defendants appear to have ignored the Court's ruling by instead pointing plaintiff to over 1,000 pages of documents, audio, and video files, which, according to plaintiff, include the names of at least dozens of NYPD officers.[1] ECF No. 84 at 2; ECF No. 84-3 at 2-4. Defendants' reference to documents rather than identifying the official who directed a resource to be deployed (e.g., who ordered the helicopter to the scene) contradicts the

---

[1] Plaintiff states that the documents include the names of "dozens or hundreds" of NYPD officers. ECF No. 84 at 2.

2

Court's direction to avoid the unnecessary deposition of dozens of witnesses who lack the knowledge to answer plaintiff's questions regarding the identities of those who decided to deploy resources to plaintiff's home.  ECF No. 79 at 14:3-6.  Defendants are directed to directly answer interrogatory 12.

As for interrogatory 14, this request is denied.  Once defendants have responded to interrogatory 12, plaintiff can proceed with depositions to obtain this information, if it exists.

Second, plaintiff contends that defendants have not sufficiently responded to requests for documents concerning the function, policies, and procedures of several of the NYPD resources deployed to plaintiff's home or the surrounding neighborhood on August 7, 2020.  Specifically, plaintiff has requested the below:

> **Document Request No. 3:** Documents reflecting the function, policies, procedures, and practices of the NYPD with respect to the use of following units and/or technology, including the decision to deploy and/or use the units and/or technology, and the training received by NYPD Members of Service with respect to the use thereof:
>     a. Emergency Services Unit (ESU)
>     b. Strategic Response Group (SRG)
>     c. Hostage Negotiation Team (HNT)
>     d. Technical Assistance Response Unit (TARU)
>     e. Fugitive Enforcement Division (FED)
>     f. Detective Bureau
>     g. Aviation Unit
>     h. Canine Unit
>     i. Snipers
>     j. Drones
>     k. Pole Cameras
>     l. Battering rams

> **Document Request No. 5:** Documents reflecting the NYPD's capabilities, procedures, and practices of the NYPD with respect to the use of cell phone jammers, GPS blockers, or other signal jamming devices designed to intentionally block or interfere with cell phone or other communications.

ECF No. 84 at 6.

Turning to document request number 3, plaintiff has not established a basis for the sweeping nature of this request. As the Court stated multiple times in the November 16, 2023 conference, see ECF No. 79 at 8:21 – 9:2, 10:2-4, plaintiff has not asserted a Monell claim in this case, and thus the City of New York's policies and practices are not critical to plaintiff's claims.  In the Court's view, defendants' production of the Patrol Guide sections concerning the units and resources confirmed (by witnesses or otherwise) to have been deployed to plaintiff's home on August 7, 2020 is sufficient.  See ECF No. 84 at 4.  To the extent that defendants have not fully produced the relevant Patrol Guide sections, they are ordered to do so.  For units or resources for which Patrol Guide sections do not exist, defendants should produce any similar formal policies or procedures.  To the extent that the request extends to units and resources that are merely the subject of deployment speculation, it is denied.

As for document request number 5, the Court's position concerning the relevance of cell phone jammers, GPS blockers, or other signal jamming devices to plaintiff's case has not changed

since the November 16, 2023 conference: there remains no predicate for this sweeping request. ECF No. 79 at 9:10-13. Thus, plaintiff's request to compel a response to request number 5 is denied.

For the foregoing reasons, plaintiff's motion is granted in part and denied in part.

Dated:    April 1, 2024
          New York, New York

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE